GRISBAUM, Judge.
This appeal arises out of a default judgment and a subsequent nullity action. We affirm.
FACTS
On July 10, 1981, Rose C. Gordon and Lynn C. Coker, d/b/a Coker Services, Ltd., agreed that Gordon would rent an apart *523 ment from Coker. Gordon gave Coker two checks to serve as a security deposit and the first month’s rent. Thereafter, Coker allegedly informed Gordon that Gordon would be responsible for repairing the air conditioning unit in the apartment in question. Coker also imposed many parking restrictions and said Gordon would be responsible for yard upkeep. Gordon no longer wished to rent the apartment under these additional conditions and asked Coker to return her check. Coker refused.
Gordon then stopped payment on the checks. Justice of the Peace Christina rendered a judgment in favor of Coker against Gordon for $102 representing damages for breach of contract. Gordon’s wages were garnished on May 23, 1983, and the judgment was paid in full.
After Gordon stopped payment on the checks, Coker began telephoning Gordon repeatedly at work and at home. Coker also spoke with Gordon’s co-employees and manager. Coker told them she was renting an apartment to Gordon and Gordon had given her an insufficient funds check. She tried to have Gordon fired. In its Reasons for Judgment, the trial court states, “The intent to injure the plaintiff was clear from the hateful, mean nature of defendant’s phone calls.” The record supports this finding. The calling continued until November 1, 1985. Gordon was so upset by the calls that she had trouble doing her job and was afraid of losing it. An unidentified male also repeatedly telephoned Gordon and her co-employees seeking information about her. He went to her place of employment several times looking for her.
PROCEDURAL HISTORY
Gordon filed suit against Coker on March 8,1983, alleging “keen mental anguish, embarrassment and damage to her reputation” due to daily harassment at home and at work for an extended period of time. Allied Recovery was added as a defendant and later dismissed. Coker filed dilatory, declinatory, and peremptory exceptions on April 13,1983 and November 17,1983. After Coker discharged her two attorneys on December 5, 1983, Gordon’s attorney had a special process server appointed on August 1, 1984. Coker was served with notice of trial on the exceptions on November 3, 1984 and December 31, 1984. Gordon then filed a motion to set trial on the exceptions on October 26, 1984 and again on July 14, 1985. Coker discharged her new attorney on August 2, 1985. On August 28, 1985, the trial court rendered the following judgment:
JUDGMENT
This cause came before the Court on August 15,1985, for a Hearing on Exceptions.
Present: FERDINAND J. KLEPPNER, Attorney for Exceptor.
After hearing the pleadings, examining the record, including the Sheriff’s return indicating numerous attempts to serve defendant, LYNN C. COKER, with notice of this hearing,
IT IS ORDERED that the Exceptions filed herein be and they are hereby referred to the merits.
Gordon obtained a preliminary default on September 3, 1985, alleging personal service of citation and the original with the supplementary and amending petition on Coker on August 25, 1984. The record supports this contention and also shows personal service of citation and original petition on March 21, 1983 and March 23, 1983. Gordon again filed motions to set for trial on the merits on October 28, 1985 and December 23, 1985. Almost a year later, on December 17, 1986, the trial court rendered judgment in favor of Gordon. Notice of the signing of this judgment was mailed on March 4, 1987. Coker filed a petition to annul and vacate this judgment on March 13, 1987.
ANALYSIS
La.C.C.P. arts. 2002 and 2004 set forth the exclusive grounds for nullity of a judgment as follows:
Art. 2002. Annulment for vices of form; time for action
A final judgment shall be annulled if it is rendered:
*524 (1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
Art. 2004. Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
Paragraphs 11(c) and (d) of Coker’s petition state, respectively, “The petitioner was never served with process, as required by law, notifying her of the date of trial nor any subsequent event;” “No service of process or notice as would satisfy La.C.C.P. 2002 et seq., was served on petitioner until petitioner received via certified mail from the Clerk a copy of the judgment made the basis of this action.”
An issue raised by an exception is governed by the provisions of the Code of Civil Procedure governing summary proceedings. La.C.C.P. art. 2592(3). These provisions, however, do not specifically require that the plaintiff in the proceeding receive notice of the date and time of trial of the exception. La.C.C.P. arts. 2594-95. In light of the absence of any such provision, we apply, — on authority of article 2596’s direction that “The rules governing ordinary proceedings are applicable to summary proceedings except as otherwise provided by law” — La.C.C.P. art. 1572. It states:
The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this article may be waived by all counsel of record at a pre-trial conference.
Jurisprudence interpreting this article states, “A written request of counsel makes it obligatory upon the trial clerk to mail the requesting party notice of the date of trial ...” Georgia-Pacific Corp. v. Jim Walter Corp., 178 So.2d 794, 796 (La.App. 3d Cir.1965). Thus, the burden of obtaining notice of trial clearly lay with the ex-ceptor, Coker. The record reveals no request for notice on behalf of Coker. Having failed to comply with La.C.C.P. art. 1572, she cannot now complain of lack of notice.
Furthermore, the record indicates that Ms. Coker deliberately avoided service of notice of trial on the exceptions filed by her. Opposing counsel went out of his way to notify Coker of the hearing, hiring a special process server even though he had no duty to do so. See La.C.C.P. art. 1572. By failing to comply with La.C.C.P. art. 1572 and by deliberately avoiding service of such notice, Coker waived her right to written notice of the date of the trial. See Eddy v. Topper, 431 So.2d 840, 842 (La.App. 2d Cir.1983). For both these reasons, for the proposition that a party, by its actions, may waive the right to article 1572 notice, we find the trial court was eminently correct in its application of our statutory scheme and the equitable principles involved.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED