FORET, Judge.
This is a step-parent adoption pursuant to La.R.S. 9:422.1. Bud Floyd Chastain, Jr. seeks to adopt the three minor children of his wife, Donna Russell Chastain, by her previous marriage to Larry Timmons. Larry Timmons, the natural father of the children, has opposed the adoption.
The trial court granted the adoption, ruling that since Timmons had not paid child support for a period in excess of one year and had failed to visit or communicate with his children for a period of two years, his *345 consent was unnecessary. Further, the trial court found that the adoption was in the best interest of the children and, as such, the adoption was granted. We reverse insofar as we find manifest error in the judgment of the trial court.
FACTS
Donna Timmons Chastain and Larry Tim-mons were divorced on September 11,1984. At that time, by Mississippi judgment, Tim-mons was granted temporary custody of the two minor children.[1] Subsequent to her remarriage to Bud Chastain in 1985, Donna was granted custody of the three minor children by judgment dated January 16, 1986.
The instant petition for adoption was filed in January of 1988, wherein it was alleged that Timmons’ consent to an adoption was unnecessary because he had failed to support his children for one year. A curator was appointed to represent Tim-mons; the curator answered the original petition on Timmons’ behalf.
In early March of 1988, Timmons became aware of the pending adoption proceeding, by chance, through a communication with his son’s school. Timmons then arranged for representation by an attorney. Chas-tain moved to set the matter for trial in early May of 1988. In late May, four days prior to trial, Chastain filed an amending and supplemental petition, without leave of court, alleging that Larry Timmons’ consent to the pending adoption was unnecessary because Timmons had refused or failed to visit, communicate, or attempt to communicate with his children for a period of two years. Timmons orally excepted to the amending petition on the basis of lack of service. The trial court referred the exception to the merits.
Donna and Bud Chastain testified at trial. Inasmuch as Timmons, was residing in Michigan at the time of trial and could not attend due to personal hardship, his testimony and that of his witnesses were presented by deposition.
ASSIGNMENTS OF ERROR
Timmons assigns the following as error:
(1) The trial court was incorrect in finding that he wilfully failed to support his children for one year.
(2) The trial court erred in allowing evidence as to Larry Timmons’ failure to visit or communicate with his children insofar as there was no service of process of the amending petition on the defendant or his attorney, nor was there leave of court granted for the filing of such a petition.
(3) In the alternative, the trial court erred in finding that Timmons wilfully failed to visit or maintain contact with his children.
(4) The trial court erred in finding that Bud Chastain carried the burden of proving that the adoption was in the best interest of the children.
I. LACK OF SUPPORT
The statutory requirements and rules of interpretation in a step-parent adoption are set forth in Wyatt v. Department of Public Welfare, 442 So.2d 1369, 1372, 1373 (La.App. 3 Cir.1983), as follows:
“Adoption is in derogation of the natural rights of a legitimate parent to his or her child (and of the child to his or her parent). Rodden v. Davis, 293 So.2d 578 (La.App. 3rd Cir.1974), writ denied, 296 So.2d 832. Therefore, adoption statutes must be strictly construed in favor of the actual parent and against the adoption. Adoption of Edwards, 369 So.2d 210 (La.App. 3rd Cir.1979).
The statutory requirements include La. R.S. 9:422.1 which sets forth the conditions dispensing with parental consent:
‘If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child then the consent of the other legitimate parent is not necessary when the spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court *346 of competent jurisdiction, and if anyone of the following conditions exist:
(1) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year.
(2) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.
(3) The other legitimate parent has refused or failed to visit, communicate, or attempt to communicate with the child, without just cause, for a period of two years.’
[[Image here]]
The burden of proof is on the person applying for the adoption to establish the existence of conditions contained in this section of the statute under which consent of the legitimate parent is rendered unnecessary.
[[Image here]]
In addition to the enumerated statutory conditions, the jurisprudence also requires:
T) that the failure to pay child support must have been without just cause, In re BAS, 424 So.2d 405 (La.App. 2nd Cir.1982), and 2) that the adoption must be in the best interest of the child, Adoption of Latiolais, 384 So.2d 377 (La.1980).’”
Once non-payment of child support has been shown, it is the natural parent’s burden to show that he had just cause not to pay or that the failure to pay resulted from circumstances beyond his control. See In re Lambert, 545 So.2d 1122, 1123 (La.App. 5 Cir.1989), writ denied, 548 So.2d 338 (La.1989). Timmons testified that, on several occasions, he sent money orders and packages with clothes and toys to the children, only to have them returned to him by the children’s mother, Donna Chastain. Although Timmons had not saved receipts for any significant period of time prior to the filing of this adoption proceeding, his testimony is corroborated by his sister and his friend. Both Timmons’ friend and his sister testified that Timmons had sent several packages to Donna with toys and clothes to the children; that these packages included money orders for child support; and that the packages were returned unopened by Donna.
Donna Chastain testified that she received minimal amounts of support from Timmons in 1986. She did admit that she had received packages from Timmons and had returned them, stating that, “I don’t need anything that he has.” Donna’s mother’s testimony corroborated the fact that Donna had returned several packages. Donna claimed that Timmons started sending packages after the adoption proceedings were filed but also stated that the children had received a package at her grandmother’s in December of 1987, prior to this proceeding. Timmons submitted a money order receipt dated December of 1987, in the amount of $80 which, he testified, was returned.
The evidence reveals that in 1986, after a court hearing in Michigan, Timmons was ordered to pay child support through the court. Timmons testified that he paid pursuant to this child support order for one month, at which time he was unable to continue because Donna had moved and left no forwarding address with the Michigan court. Timmons also testified that the Michigan support enforcement authorities refunded child support which he had attempted to pay. Timmons submitted documentary evidence that the State of Michigan, County of Van Burén, dismissed the child support matter over which it had jurisdiction because Donna had moved out of Louisiana and had left no forwarding address.
The evidence also was undisputed that the Chastains had moved several times since they had received custody of the children in early 1986. At one time they lived in Mississippi. They then moved back to Louisiana and subsequently returned to Mississippi. Finally, they returned to live in Louisiana. These frequent moves were due to Chastain’s work in the oil business. Based on the foregoing, we find that the trial court clearly erred in finding that Tim- *347 mons’ failure to support was without just cause.
II. LACK OF VISITATION OR COMMUNICATION
An amending and supplemental petition was filed by Chastain four days prior to trial, alleging that Timmons had refused or failed to visit, communicate, or attempt to communicate with his children for a period of two years. Timmons orally excepted to this amending petition on the basis of lack of service. There was no evidence presented at trial or contained in the record proving that proper service was made either upon Timmons or his attorney, Ms. Campbell.
In response to Timmons’ request for reasons for judgment, the trial court adopted Chastain’s written brief. This brief states that the “proof was clear that Larry Tim-mons only sporadically supported his children.” The brief continues by stating that “[i]t’s been two and one-half years since Larry Timmons has even seen his children. It’s apparent that he has little or no interest ih the welfare of these children.”
Clearly, the trial court relied upon matters set forth in Chastain’s amending and supplemental petition in arriving at its decision. Although Timmons was well prepared and responsive to the allegations set forth in the first amending and supplemental petition, we find that the trial court erred in denying Timmons’ objection to the admission of evidence to support the allegations set forth in the supplemental and amending petition, which was never served.
Timmons testified that he had tried to keep in contact with his children but met with much resistance from Donna. He testified that he was never given an address; instead, he continually had to acquire her mailing address through his own efforts. In addition to not being given a physical address, many of his attempts to speak to the children on the telephone have been thwarted. The Court notes that Timmons has kept in contact with his son’s school principal and teacher as to the child’s progress. The Court can understand how visitation would be difficult given the distance between Michigan and Louisiana and Donna’s refusal to give him a physical address. As such, we find that the trial court clearly erred in finding that Timmons had little or no interest in the welfare of his children.
III. BEST INTEREST
Insofar as we do not find that Timmons has wilfully failed to support his children nor wilfully failed to communicate with his children, we do not reach the issue as to whether or not the adoption is in the best interest of the children.
CONCLUSION
Based upon the foregoing, the judgment of the trial court is reversed. Costs of this appeal and at the trial level are to be paid by appellee, Bud Chastain.
REVERSED.

. At the time of the divorce, Donna was pregnant with the youngest minor child.