DOUCET, Judge.
This is an appeal from a judgment rendered by the district court in consolidated tutorship and adoption proceedings. The appellant is J. Michael Shea, the father of Matthew Allister Shea. The appellees are the child’s maternal grandparents, A.A. Sollay and Norma Betty Sollay.
Matthew was born on September 22, 1982, of the brief and troubled marriage of the appellant and the appellees’ daughter, Betty Sollay. The appellant and Betty had separated prior to the child’s birth and were subsequently divorced. Betty was awarded sole custody of Matthew, and the appellant had very limited contact with the child, although he did contribute regularly to his support with the assistance of his parents.
On August 13, 1988, Betty died in a tragic drowning accident, while saving Matthew from the same fate. Prior to her death, Betty had executed a will, appointing her sister, Nora Elizabeth, as Matthew’s tutrix. On August 15, 1988, Nora Elizabeth was qualified as tutrix, and A.A. Sollay was confirmed as undertutor. Matthew continued to reside in the appellees’ home, where he and his mother had been living for several years.
On October 26, 1988, Nora Elizabeth filed a petition in the tutorship proceedings to transfer legal custody of Matthew to the appellees. The appellant was made a party to that proceeding, and a bitter battle ensued over custody of the child. The appellant filed exceptions to the tutorship proceedings and a petition for a writ of habeas corpus.
The district court heard testimony pertaining to the custody issue in June and July of 1989. Dr. David Post, a clinical psychologist who had been working with Matthew after the death of his mother, advised against removing Matthew from the appellees’ home. On July 20, 1989, after several days of testimony, the parties stipulated that the appellees should be awarded sole custody, subject to a visitation plan to be formulated and implemented by Dr. Post, and that the appellant should pay child support in the amount of $250.00 per month.
The parties were unable to agree on the form of the judgment, and on November 14, 1989, the district court rendered a judgment over the appellant’s objection, awarding sole custody to the appellees, subject to visitation by the appellant, and ordering the appellant to pay child support in the amount of $250.00. The appellant filed a motion to amend the judgment, or alternatively, to obtain a new trial, which was denied by the district court. No appeal was taken from the judgment.
The district court’s judgment implemented a plan formulated by Dr. Post to try to acquaint Matthew with his father and alleviate his fears through scheduled phone calls, correspondence and supervised visits. Unfortunately, very little progress was made in that regard. The controversy between the parties continued to rage and resulted in the filing of numerous pleadings. Among other things, the appellees sought child support arrearages and a contempt citation, because of the appellant’s failure to cooperate in the visitation plan formulated by Dr. Post and his failure to pay child support as ordered by the district court. The appellant accused the appellees of thwarting his attempts to visit with Matthew and requested that they be cited for contempt. On March 6, 1990, a judgment was rendered by the district court in favor of the appellees, making child support ar-rearages executory in the amount of $1,250.00.
The appellees ultimately filed a petition to adopt Matthew on April 18, 1991. At a hearing on May 1, 1991, the district court ordered the consolidation of the tutorship and adoption proceedings for trial and granted the appellant until May 6, 1991, to enter an objection to that ruling. The appellant subsequently filed exceptions to the adoption petition, but he did not object to the consolidation. The exceptions were referred to the merits by the district court.
The consolidated proceedings were tried on June 17, 1991, June 19, 1991, January 6, *1239 1992 and January 7, 1992. Numerous witnesses were heard, and considerable documentary evidence was received. On June 1, 1992, after taking the matter under advisement, the district court rendered oral reasons for ruling in which he found that appellant’s consent to the adoption was not required under LSA-R.S. 9:422.1, because he had failed to provide significant support for the child for more than one year prior to the filing of the petition for adoption. The district court further found that the adoption was in the child’s best interest.
On July 6, 1992, a final decree of adoption was rendered by the district court. In the same judgment, the prior child support award to the appellees was terminated; the appellant’s exceptions were overruled and dismissed; rules for custody, visitation and contempt filed by the appellant were dismissed; and rules for an increase in child support, back due child support, attorney’s fees and contempt filed by the appellees were dismissed. The appellant was cast with all costs of the proceedings. The appellant subsequently perfected this appeal, and the appellees answered it, requesting that the judgment be amended to award them child support arrearages and attorney’s fees and to impose sanctions against the appellant for contempt of court.
On appeal, the appellant argues that the district court erred in granting the adoption and in refusing to award him custody of Matthew. The appellees, on the other hand, argue that the adoption proceedings are not properly before this Court, because the appellant’s motion and order for appeal bear only the caption of the tutorship proceedings. The cases cited by the appellees in support of that proposition are inapposite. They involve consolidated proceedings in which separate judgments were rendered in each case, and appeals were taken from only one of the judgments.
In the present case, only one judgment was rendered, and the appellant has perfected a timely appeal from that judgment. His failure to include the caption of the consolidated adoption proceeding on his motion and order for appeal is inconsequential and does not provide a proper basis for denying him the right to appeal the adoption decree. See U.S. Fire Insurance Co. v. Swann, 424 So.2d 240 (La.1982). We will therefore consider the appellant’s arguments with regard to the adoption.
Initially, the appellant argues that the district court erred in failing to rule on his exceptions prior to the hearing and in granting the adoption without an answer to the petition having been filed on his behalf. The appellant relies on the general rules of civil procedure governing ordinary proceedings, including Article 929 of the Louisiana Code of Civil Procedure, which requires exceptions, pleaded before answer to be decided in advance of the trial of the case.
Adoptions are special proceedings, which are governed by their own statutorily prescribed form of procedure. That procedure is now contained in Title XII of the Louisiana Children’s Code, which became effective January 1, 1992. At the time that the petition for adoption was filed in this case, the procedure was prescribed by LSA-R.S. 9:421, et seq. While service on the appellant was mandatory, responsive pleadings have never been contemplated or required by the laws governing adoptions.
Although responsive pleadings are not part of the adoption procedures, there has always been a mechanism for an interested person, like the appellant, to register his objections to the adoption. LSA-R.S. 9:432(B) specifically required the court to take into consideration “information from all sources concerning the adoption” in ruling on a petition for a final decree of adoption. Article 1253 of the Children’s Code, which now governs hearings on intrafamily adoptions, provides in Paragraph B:
“B. At this hearing the court shall consider:
(1) Any motion to intervene which has been filed.
(2) Any other issues in dispute.
(3) The confidential report of the department, if any.
*1240 (4) The testimony of the parties.”
(Emphasis added)
The trial judge’s oral reasons for ruling indicate that he considered the issues raised by the appellant’s exceptions in ruling on the petition for adoption. We find that this procedure complied with the applicable provisions governing adoptions. Furthermore, even if we concluded that the general rules governing ordinary proceedings were applicable, we would find no error in the district court’s referral of the exceptions to the merits in this case.
Although the language of LSA-C.C.P. Article 929 is mandatory, the official revision comments and the jurisprudence recognize the trial court’s discretion to refer to the merits peremptory exceptions filed prior to the answer. Short v. Jones, 457 So.2d 201 (La.App. 2nd Cir.1984), writ denied, 460 So.2d 606 (La.1984); Knighten v. Knighten, 447 So.2d 534 (La.App. 2nd Cir.1984), writ denied, 448 So.2d 1303 (La. 1984). This Court has also held that in some cases, the dilatory exception of prematurity may also be referred to the merits. Jordan v. LeBlanc & Broussard Ford, Inc., 332 So.2d 534 (La.App. 3rd Cir. 1976).
In the present case, the appellant filed a pleading styled “Declinatory and Dilatory Exceptions,” and a separate pleading titled “Peremptory Exception.” These exceptions are somewhat confusing and difficult to follow. The pleading titled “Declinatory and Dilatory Exceptions” appears to only raise the dilatory exception of prematurity, which was based on allegations that the appellant had paid child support during the last year and that there was a pending rule to terminate support.
Extensive evidence was presented with regard to the appellant’s financial condition and his failure to pay support. That evidence established that he was not entitled to the termination of his child support obligation and that he had in fact failed to pay support, as alleged in the petition for adoption. In light of that evidence, even if the trial judge had erred in referring the exception of prematurity to the merits, the error would have been harmless. The exception was without merit and would have been denied in any event.
The grounds asserted for the peremptory exception are particularly obscure. It appears that the appellant was challenging the district court’s subject matter jurisdiction and the validity of the original judgment confirming Norma Elizabeth as tu-trix. We find no error in the initial tutorship proceedings or in the district court’s exercise of subject matter jurisdiction. After reviewing the record, we can find no other valid basis for maintaining the peremptory exception. We therefore find no error in the referral of the peremptory exception to the merits or in its dismissal.
The appellant’s next argument is that the district court erred in granting the adoption without his consent pursuant to LSA-R.S. 9:422.1.[1] At the time that the petition for adoption was filed, LSA-R.S. 9:422.1 read:
§ 422.1. Adoptions by stepparent, grandparent; consent; after a decree of abandonment
A. If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary when the spouse of the petitioner has been granted either sole or joint custody, or when the grandparent or grandparents, or the mother or the father has been granted sole custody of the child by a court of competent jurisdiction, and if any one of the following conditions exist:
(1) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year.
(2) The other legitimate parent is a non-resident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.
*1241 (3) The other legitimate parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.
B. When the grandparent or grandparents of a child who has been decreed as abandoned under R.S. 9:403 have been granted custody of the child, the grandparent or grandparents may file a petition for adoption of the child and there shall be a rebuttable presumption that adoption by the grandparent or grandparents is in the best interest of the child.
The appellant argues that this statute is not applicable, because the appellees were not awarded sole custody of Matthew by the kind of judgment that is contemplated by the statute. The appellant’s arguments are based on language in the stipulation pursuant to which the custody decree was rendered to the effect that the ultimate goal of the custodial and visitation provisions was to acquaint Matthew with the appellant so that granting custody to the appellant might someday be appropriate. The failure to include such language in the judgment was the basis for the appellant’s motion to amend the judgment, or alternatively to obtain a new trial, which was denied by the district court.
The appellant argues that the judgment awarding custody to the appellees is only “an interim order,” which will not support the application of LSA-R.S. 9:422.1. However, the language upon which he bases that argument does not appear in the judgment awarding custody to the appellees, and no appeal was taken from that judgment. Furthermore, even if that language did appear in the judgment, we could not agree with the appellant’s argument that it would remove the judgment from the ambit of the statute.
Judgments awarding custody and child support are always subject to modification and are thus never final. Davis v. Davis, 238 La. 293, 115 So.2d 355 (1959); Willis v. Willis, 209 La. 205, 24 So.2d 378 (1945); Patrick v. Patrick, 496 So.2d 521 (La.App. 1st Cir.1986). All custody decrees would therefore qualify as “interim orders” in the sense that the appellant uses that term, and the statute, as construed by the appellant, would be rendered meaningless.
The plain language of LSA-R.S. 9:422.1 requires only that the grandparents have been awarded sole custody by a court of competent jurisdiction, and that there has been a failure to comply with a court order of support for a period of one year, or a failure to visit, communicate or attempt to communicate with the child for a period of two years. We agree with the trial judge’s conclusion that the judgment rendered on November 14, 1989 satisfied the first requirement. After reviewing the evidence, we also agree with the trial judge’s finding that the second requirement of the statute was met.
After 1989, the appellant made only one child support payment in July of 1990 in the amount of $520.00. Thereafter, he paid nothing. Consequently, in January of 1992, when the last evidence was presented, support was owed in the amount of $5,980.00. The trial judge correctly found that this single payment, which amounted to only 8.66 percent of the total support owed and 11.5 percent of the support owed for the eighteen month period preceding the filing of the adoption, was not sufficient to defeat the application of LSA-R.S. 9:422.1.
In order for a parent to avoid the effects of LSA-R.S. 9:422.1 and its successor, Article 1245 of the Louisiana Children’s Code, the support that he provides must be “significant.” An unworthy parent cannot prevent an adoption, which is in the child’s best interests, by making a token payment each year in a nominal sum, which is insufficient to provide for the child’s maintenance and support. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963).
Whether the support provided is “significant” depends on the particular facts and circumstances of the case under consideration. Haynes v. Mangham, 375 So.2d 103 (La.1979). In In re May, 441 *1242 So.2d 500, 505' (La.App. 2nd Cir.1983), writ denied, 449 So.2d 1028 (La.1984), opinion reinstated, 452 So.2d 800 (La.App. 2nd Cir. 1984), writ denied, 458 So.2d 475 (La.1984), the court observed:
“Support in the context of LSA-R.S. 9:422.1, which the parent must provide in order for his consent to adopt to be necessary, is termed as ‘significant’ support. While each case must be viewed in light of its particular circumstances, significant support has been defined as being something only in the range of twenty to thirty percent of the alimentary obligation. Haynes v. Mangham, 375 So.2d 103 (La.1979); DeRosier v. Dean, 378 So.2d 588 (La.App. 3rd Cir.1979)."
We agree with the trial judge’s conclusion that the support paid by the appellant in this case was not “significant,” as that term has been defined in the jurisprudence. The appellees bore the initial burden of proving the failure to pay support. Chastain v. Timmons, 558 So.2d 344 (La.App. 3rd Cir.1990). However, when non-payment was established, the burden shifted to the appellant to show that he had just cause for not paying or that the failure to pay resulted from circumstances beyond his control. Chastain v. Timmons, supra; In re Lambert, 545 So.2d 1122 (La.App. 5th Cir.1989), writ denied, 548 So.2d 338 (La. 1989); Adoption of Otterstatter, 525 So.2d 117 (La.App. 3rd Cir.1988). We agree with the trial court that the appellant failed to carry that burden in this case.
In addition to proving that the appellant’s consent was not required under LSA-R.S. 9:422.1, the appellees were required to prove that the adoption was in the child’s best interests. LSA-R.S. 9:432; In re 528 So.2d 1002 (La.1988); Adoption of Latiolais, 384 So.2d 377 (La. 1980); Kirby v. Albert T.J., 517 So.2d 974 (La.App. 3rd Cir.1987), writ denied, 519 So.2d 107 (La.1987). The appellant argues that the trial judge erred in finding that the appellees satisfied that burden. We disagree.
The trial judge’s reasons for concluding that the adoption was in Matthew’s best interests were set forth in his oral reasons for ruling, as follows:
“The Court has searched the records. [sic] and finds it replete with evidence that supports the decision that the adoption is in the best interest of the child. The Court has looked at and weighed one, the fitness of the adopting parents, vis-a-vis, the natural parent; two, the relationship between the natural parent and the child, vis-a-vis, the adopting parents and the child; three, the relationship that the child has with the exéended family of the adopted parents. The Court is convinced that the relationship between the child and parent is not stable nor is it or has it been a consistent one, and there [sic] is due to the parent’s inability to overcome some serious psychological problems. The Court is also convinced that it would be totally unfair and not in the best interest of the child to force the child to undergo an extensive degree of psychotherapy to establish or reestablish any form or much less meaningful relationship with the father. This Court is confident there is no real probability that M.A.S. could enjoy and benefit from a continued relationship with his father. The Court reviewed the testimony and exhibits that were filed in the case and feels that this decision is the only decision that will best serve the interest of the child.”
We find abundant support in the record for those findings. In April of 1989, a court ordered evaluation of the appellant was performed by Dr. Roger P. Hatcher, a clinical psychologist. The appellant was diagnosed as having a narcissistic personality disorder, which Dr. Hatcher described as “a long-standing, deep-seated charac-terological disorder marked by tendencies toward impulsiveness, self-centeredness and difficulties with social conformance.”
Dr. Hatcher’s diagnosis was based on psychological test results, which reflected that the appellant has a marked disregard for social standards and values, a tendency to engage in rebellious and sometimes antisocial behavior, and characteristically poor impulse controls frequently resulting in difficulties with alcohol and drug abuse, mari *1243 tal problems, sexual acting-out and other delinquent acts. According to Dr. Hatcher, people with appellant’s personality traits have relationships, which “are very often superficial, short-term and not particularly rewarding.” They show very little insight into their own personality and behavioral style and tend to project the blame for the difficulties they have in the world onto those around them. Their tendency to indulge in short-sighted hedonism also leads to occasional difficulties with the law, particularly with regard to the abuse of alcohol and drugs.
All of Dr. Hatcher’s findings and conclusions were corroborated by other evidence in the record. Mickle John Macaulay, a psychotherapist who has worked with the appellant intermittently since 1986, confirmed that he has a narcissistic personality disorder. While Mr. Macaulay felt that the appellant had sufficiently improved through treatment to be “an effective parent,” that opinion was not particularly reassuring in light of the other evidence, which substantiated Dr. Hatcher’s findings and conclusions.
The appellees presented evidence, which clearly established that the appellant has indeed had problems with all of his personal relationships, because of his indifference to the feelings and needs of others. He has also abused alcohol and drugs, resulting in multiple arrests for and at least one conviction of driving while intoxicated. While some of this evidence was contradicted by the appellant, the trial judge obviously found it credible. On the basis of our review of the record, we cannot say that the trial judge, who was in a better position to assess credibility, erred in doing so.
In light of the trial judge’s findings and conclusions, his decision to deny the appellant’s petition for custody and grant the petition for adoption was not erroneous. The only other matters presented for our consideration are the appellees’ requests in their answer to the appeal that we award child support arrearages and attorney’s fees, and that we cite the appellant for contempt. The trial judge denied that relief, finding that his decision to grant the adoption had rendered those matters moot.
Although there was evidence supporting the appellees’ claim that the appellant failed to abide by the district court’s orders in several significant respects, we do not find that the trial judge abused his discretion in declining.to issue a contempt citation. However, we must agree with the appellees’ argument that he erred in failing to award child support arrearages and attorney’s fees.
It is well-settled that accumulated child support is a vested property right, and equity will not nullify or reduce it, until the judgment ordering the support has been altered or amended by a subsequent judgment, or it has been terminated by operation of law. Moore v. Braddock, 391 So.2d 908 (La.App. 2nd Cir.1980); Collette v. Olivier, 309 So.2d 894 (La.App. 3rd Cir.1975), writ denied, 313 So.2d 827 (La. 1975). Consequently, the adoption decree did not relieve the appellant of his obligation to pay the support which accrued prior to the date that it was rendered. Petty v. Dupree, 484 So.2d 991 (La.App. 3rd Cir.1986), writ denied, 488 So.2d 1025 (La.1986); Dolhonde v. Dolhonde, 357 So.2d 810 (La.App. 1st Cir.1977).
The appellees have asserted in their brief to this Court that additional child support accrued between the date that the matter was taken under advisement by the district court and the date that the judgment was rendered. However, there is no evidence of that fact in the record. The evidence in the record only establishes arrearages in the amount of $5,980.00. If other amounts are owing, the appellees will have to bring a new proceeding in the district court to obtain additional relief.
LSA-R.S. 9:305 (now LSA-R.S. 9:375) also mandates that we award attorney’s fees unless there is good cause for not doing so. McCoy v. McCoy, 541 So.2d 1006 (La.App. 3 Cir.1989). The same evidence which resulted in the finding that the failure to pay the support was without just cause compels us to conclude that good cause has not been shown for declining to award attorney’s fees.
*1244 For the foregoing reasons, the judgment of the district court is amended to award judgment in favor of the appellees, A.A. Sollay and Norma Betty Sollay, and against the appellant, J. Michael Shea, in the amount of $5,980.00, together with legal interest thereon from the date that each past due child support payment became due until paid, plus $500.00 as attorney’s fees, $300.00 for services in the trial court and $200.00 for services on appeal. In all other respects, the judgment of the district court is affirmed. The costs of this appeal are assessed against the appellant.
AMENDED AND AFFIRMED.

. The applicable provision is now Article 1245 of the Louisiana Children’s Code.