JiDUFRESNE, Judge.
This lawsuit is an action to annul and vacate a judgment because the defendant alleges that she was not lawfully served with notice of trial.
*1190 Plaintiff, Rosa C. Gordon, filed against the defendant Lynn C. Coker, seeking damages as a result of alleged harassment and mental anguish as a result of the activities of Coker seeking the collection of a debt allegedly owed her on a rental agreement.
On March 8, 1983, Gordon filed her original lawsuit and Coker was personally served on March 21,1988. Subsequently Coker was personally served with the supplemental and amending petition on August 25, 1984, by a special process server.
Coker filed exceptions which were scheduled for hearing on August 15, 1985, but service upon Coker was to no avail.
A succession of three attorneys withdrew as counsel for Coker and thereafter Gordon made numerous attempts to serve Coker, however, the deputy sheriff concluded that the “subject (Coker) was ^definitely avoiding service.”
A preliminary default was granted against Coker on September 3, 1985. Several months later on March 3,1986, a trial on the merits was conducted and on December 17, 1986, the trial court signed the judgment against Coker. On March 13, 1987, Coker filed a Petition to Annul and Vacate Judgment because the judgment of $15,000, together with interest and cost was granted without her being lawfully notified of the trial.
In response to Coker’s Petition to Annul, Gordon filed exceptions of no right and/or cause of action on April 16, 1987. These exceptions were argued and were granted on October 19, 1987, dismissing Coker’s lawsuit to annul.
We affirmed the decision of the trial court on November 16, 1988, and denied Coker’s request for a rehearing. 534 So.2d 522.
On February 17,1989, the Supreme Court, on a writ application, reversed this court overruling Gordon’s exceptions and remanded the case to the trial court for a trial on the merits, concluding that the trial court should make a factual determination as to whether Coker actively avoided service of process. 537 So.2d 1157.
Finally on November 16, 1993, a trial on the merits of the Coker’s action to annul and vacate judgment was conducted and the trial court concluded that Coker actively avoided service. The trial court found in his factual findings that Coker’s credibility was damaged and that a pattern of evasion was apparent from Coker’s conduct. The trial court concluded that “... said defendant (Coker) actively and overtly avoided service thereof.” As a consequence, Coker was not | aentitled to a nullification of the March 3, 1983, default judgment against her for failure to receive notice.
The issue of this case is whether the defendant, Coker, actively avoided service of a notice of trial in order to prevent and deny Gordon’s right of trial after Coker had been served with all petitions and had knowledge of the proceedings against her. Is justice achieved when a defendant is successful in avoiding service when she has knowledge that a lawsuit is pending? Can a defendant remain immune from the effects of the judicial process?
Coker’s action to annul and vacate Gordon’s judgment seeks relief from this Court because she argues that she did not receive notice of the default trial, consequently was not able to present her defense to Gordon’s allegations. Coker contends that Gordon obtained a default judgment through “ill practice.”
She argues that a preliminary default may not be properly granted when dilatory and preemptory exceptions had previously been filed and were pending. To the contrary, the record reveals that all exceptions were referred to the merits after duly noticed hearing. The trial court’s action was taken after concluding that numerous attempts to serve Coker were made with notice of the hearing. Tutorship of Shea, 619 So.2d 1236 (La.App. 3rd Cir.1993), Short v. Jones, 457 So.2d 201 (La.App. 2nd Cir.1984).
Article 1572 of the Code of Civil Procedure requires notice of trial when requested by a party. The record is void of any request by Coker for notice of trial or hearing. All exceptions were properly referred to the trial on the merits and diligent efforts were made to ^accomplish service of notice of the origi *1191 nal hearing on the exception and later for the trial.
The trial court conducted a trial on the merits, heard the testimony of witnesses and examined other relevant evidence. The trial judge was convinced that Coker’s testimony was not credible and she had actively and overtly avoided service.
After reviewing the record, we find the trial court’s factual determination to be correct. The record reflects that Coker’s testimony is filled with at best inconsistencies.
Coker’s history of avoidance of service was depicted in the testimony of Deputy Sheriff Tamburello and special process server Michael Tamburella, Jr. Deputy Tamburello testified that he attempted to serve Coker with the notice of hearing on her exceptions on June 18,19, 20 and 21. He noted that the woman (Coker) on one occasion, ran into her house and slammed the door to avoid service. He also stated that when he attempted to serve Coker with the notice of trial, he made several attempts and his observations led him to conclude that she was obviously avoiding service.
The record reveals that Coker had prior experience with avoiding service. After several attempts to serve Coker with the original petition and supplemental and amending petition, Gordon had to resort to hiring a special process server, Michael Tamburella, Jr. to make service of the pleadings and citations. Tamburella’s testimony further corroborates the trial court’s finding that Coker lacked credibility and actively avoided service.
|sWe are mindful of our obligation under our law that every party should be given a fair opportunity to present their ease. Having one’s day in court is fundamental to our civil (and criminal) justice system.
Here however, Coker has exhibited a behavioral history of actively avoiding service and her own conduct has prevented her from receiving notice of hearings and trial.
Coker’s failed to timely file an answer after being served, despite repeated notices to her former attorneys, attempts to serve her individually, the termination of several attorneys and her efforts to actively avoid service. She now seeks an annulment of a judgment contending that she did not receive lawful notice. There is no doubt that Coker’s own conduct resulted in the lack of service.
The trial court’s assessment of the facts is based upon his direct observations of the witnesses and is substantiated by a reading of the record. Coker’s exceptions were properly referred to the merits, Coker’s absence from the hearing on those exceptions was the result of her own conduct in avoiding service, a valid preliminary default judgment was taken against Coker, and that was confirmed by sufficient and adequate evidence. We are precluded from setting aside a trial court’s findings of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989).
We find that more than reasonable efforts were made to notify Coker of hearings and trial, her own conduct and her willingness not to appear has caused this result. Coker’s right to due notice and fair 16opp ortunity has not been breached and she is responsible for the consequences of her actions.
For the above reasons, we affirm the decision of the trial court.

AFFIRMED.