|,MARION F. EDWARDS, Judge.
Plaintiffs/appellants Sabrina Trusty and Minh Quang Bui (hereinafter collectively “Trusty”) appeal a judgment of the district court dismissing their lawsuit. We reverse for the following reasons.
This case arises out of an automobile accident occurring in Jefferson Parish. Trusty filed suit on March 30, 2001. Defendants/appellees Allstate Insurance Company and Robert S. Hatje (hereinafter “Allstate”) answered the suit, and submitted written Interrogatories and Request for Production of Documents. Allstate alleged that it made numerous attempts to contact the attorney for Trusty, who did not return telephone calls or answer correspondence. On July 25, 2001, Allstate filed a Motion to Appoint a Private Process Server, for the purpose of serving a Motion and Order to Compel Discovery. Service could not be effected at that time. A subsequent Motion to Compel was filed in May 2002. The record indicates that the sheriff made five unsuccessful attempts to serve Trusty’s counsel with the motion. The return showed that the attorney was never in his office. |s Another Motion to Appoint Process Server was granted, and according to the return, service was achieved by putting the motion in the mail slot on July 24, 2002. Trusty’s’ counsel did not appear at the hearing scheduled on the Motion to Compel set for July 29, 2002. As a result, the trial court rendered judgment on August 6, 2002, ordering Trusty to provide Allstate with answers to interrogatories and responses to its Request for Production of Documents within fifteen days of service of the Judgment.
The sheriff again attempted on five occasions to serve Notice of Judgment on Trusty’s attorney, and again noted that counsel was never in his office. The Notice of Judgment was mailed by the Clerk of Court pursuant to La. C.C.P. art. 1913. Another private process server was appointed, and service of the judgment was made on October 7th by placing the notice of judgment through the mail slot. On November 8, 2002, Allstate filed an Ex *636 Parte Motion to Dismiss, alleging that Trusty failed to comply with the judgment of the court ordering discovery. The Motion was granted on November 12th. It is from this judgment of dismissal that Trusty appeals.
Trusty argues that the service of both the Motion to Compel and the Rule to Show Cause was insufficient.
The rule to show cause is a contradictory motion requiring service on the adverse party. La. C.C.P. art. 963. The Louisiana Code of Civil Procedure provides clear-cut methods of service of process. La. C.C.P. art. 1312 provides that except for certain motions not applicable here, every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable. C.C.P. article 1313 states:
Service by mail, delivery, or facsimile
A.Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under |4an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:
(1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.
(2) Delivering a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party.
(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
(4) Facsimile transmission of a copy thereof to the counsel of record at his number designated for facsimile transmission, or if there is no counsel of record, to the adverse party at his number designated for facsimile transmission, this service being complete upon receipt of the transmission.
B. When service is made by mail, delivery, or facsimile transmission, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.
C. Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in Article IS If (emphasis supplied) Under C.C.P. art. 1314:
A. A pleading which is required to be served, but which may not be served under Article 1313, shall be served by the sheriff by either of the following:
(1) Service on the adverse party in any manner permitted under Articles 1231 through 1266.
(2)(a) Personal service on the counsel of record of the adverse party or delivery of a copy of the pleading to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
(b) Except as otherwise provided in Article 2293, service may not be made on the counsel of record after a final judgment terminating or disposing of all issues litigated has been rendered, the delays for appeal have lapsed, and no timely appeal has been taken,
B. Personal service on a partner or office associate of a counsel of record, in the office of such counsel of record shall constitute valid service under Paragraph A of this Article.
C.C.P. art. 1235 also permits service on a person represented by an attorney as follows:
A. Service is made on a person who is represented by another by appointment of court, operation of law, or man *637 date, through personal or domiciliary service on such representative.
|fiB. Service on an attorney, as a representative of a client, is proper when the attorney’s secretary is served in the attorney’s office.
C. For the purposes of this Article “secretary” shall be defined as the person assigned to a particular attorney and who is charged with the performance of that part of the attorney’s business concerned with the keeping of records, the sending and receiving of correspondence, and the preparation and monitoring of the attorney’s appointments calendar.
None of the applicable method of service on an attorney of record includes the process utilized in the instant case. We are obliged to conclude that service of the Motion and Order to Compel Discovery was not properly served.
Allstate avers that Trusty’s counsel cannot defeat service by refusing to “effectively have a legal office which he purports to have.”[1] We agree. It is well settled that a litigant may not defeat service by merely refusing to accept a letter containing a citation.[2] Neither may a litigant avoid service by refusing to claim a certified letter.[3] This court has previously determined that a default is properly entered against a litigant after a factual determination that the party was avoiding service.[4]
In the present case, at the hearing on the Motion to Compel, counsel for Allstate disclosed to the court his problems contacting opposing counsel for both discovery purposes and service of the motion. On the facts of this case, and based on our previous jurisprudence, we find that at that hearing on the Motion to Compel, an evidentiary showing that Trusty’s counsel was avoiding service was necessary before a valid judgment might have issued. Further, it is not apparent from the record that Allstate attempted to serve Trusty, through her counsel, via certified or registered mail as provided by C.C.P. art. 1313(C).
I fiWe are required to find that the judgment of August 6 was an absolute nullity because Trusty was not properly served with notice. Although service of the judgment was properly accomplished via the Clerk of Court, it was null from its inception and therefore without effect against Trusty.
For the foregoing reasons, the judgment dismissing Trusty’s action is reversed, and the matter is remanded for further action in accordance with this opinion. We note herein that in our opinion, attempts by Trusty’s counsel to thwart discovery may well be a violation of the Rules Of Professional Conduct.
REVERSED AND REMANDED.

. We are cited to McFarland v, Dippel, 1999-0584 (La.App. 1st Cir.3/31/0), 756 So.2d 618, writ denied 2000-1794 (La.9/29/00), 770 So.2d 349.

. Id.

. Id., and the cases cited therein.

. Gordon v. Coker, 94-402 (La.App. 5th Cir. 11/29/94), 646 So.2d 1189.