357 So.2d 810 (1977)
Linda Lynch DOLHONDE
v.
Kenneth C. DOLHONDE.
No. 11454.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
On Rehearing April 17, 1978.
Wright Wade Adams, Baton Rouge, of counsel, for plaintiff-appellee Linda Lynch Dolhonde.
Lemuel E. Hawsey, Baton Rouge, of counsel, for defendant-appellant Kenneth C. Dolhonde.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
This appeal by defendant, Kenneth Charles Dolhonde (Appellant), presents the primary question whether the adoptive father, who is married to the natural mother of his adoptive child by a former marriage which ended in divorce, or the natural mother of such a child is the proper party to sue the child's biological father for unpaid child support. The trial court held the mother was the proper party. We reverse and remand.
Plaintiff, Linda Lynch Dolhonde (Appellee), was formerly married to Appellant, of which marriage one child, namely, Elizabeth Ann Dolhonde, was born. On December 12, 1969, Appellee was granted an absolute divorce from Appellant on ground of their having lived separate and apart for more than 2 years. The judgment of divorce also awarded Appellee custody of the child and child support in the amount of $100.00 monthly, commencing January 1, 1970, payable to Appellee for the support of the minor.
By judgment rendered April 22, 1976, Appellee's present husband, Basil Grumberg Mayer, was recognized and declared the adoptive father of Elizabeth Ann Dolhonde, with Appellee's consent. The adoption proceeding was conducted pursuant to La.R.S. 9:422.1, in which Appellant's consent to the adoption was dispensed with due to Appellant's failure to pay child support for a period of one year.
The present proceeding was commenced by Appellee on August 10, 1976, to reduce to judgment unpaid child support allegedly aggregating $6,353.33. Appellant filed exceptions of lack of procedural capacity and prescription. Appellant also pled waiver of all but $30.00 monthly child support payments and the affirmative defense of election of remedies.
*811 The trial court overruled all exceptions and pleas of Appellant except that of prescription. Judgment was awarded Appellee for all unpaid child support accruing in the 3 year period preceding filing of suit, namely, the sum of $2,205.00.
The minor in question is unemancipated and under the age of majority. Procedural capacity as regards such a minor is governed by La.C.C.P. Article 683, which states:
"An unemancipated minor does not have procedural capacity to sue. . . .
"The father, as administrator of the estate of his minor child, is the proper plaintiff to sue to enforce a right of an unemancipated minor who is the legitimate issue of living parents who are not divorced or judicially separated."
The above authority expressly provides that the father is the proper party to enforce a right of an unemancipated minor who is the legitimate issue of living parents who are neither divorced nor judicially separated.
We note that La.C.C. Article 214 provides that an adopted person is considered for all purposes as the legitimate child of his or her adoptive parent or parents. The adoption having become final, the minor involved herein is deemed the child of her adoptive father as if she were born of her mother's marriage to Mayer.
In this court, Appellee attacks initially La.C.C.P. Article 683 on the ground that it is unconstitutional in that it sanctions an arbitrary discrimination based on sex. We dispose of this issue simply by noting that unconstitutionality of a statute may not be raised initially on appeal. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971); Johnson v. Welsh, 334 So.2d 395 (La.1976).
Appellee argues that since the judgment for child support was rendered in her favor, and because the demand is for past due benefits under the judgment, she (Appellee) should sue in her own right and not as legal representative of the child.
Admittedly our confusing jurisprudence on the subject lends some support to Appellee's contention, especially in those cases where a mother sues for an initial alimony award for a minor child.
Despite La.C.C. Article 157 which provides that the parent gaining custody of a child shall of right become natural tutor or tutrix the same as if the other party were deceased, the Supreme Court held in Griffith v. Roy, 263 La. 712, 269 So.2d 217 (1972), that the natural tutor must qualify as tutor to represent a minor and that a parent with custody does not ipso facto become a natural tutor.
Following Griffith, above, Simon v. Calvert, 289 So.2d 567 (La.App. 3d Cir. 1974), relying upon Walder v. Walder, 159 La. 231, 105 So. 300 (1925), held that a mother having custody of a child could enforce child support payments without first qualifying as natural tutrix. In so holding, Simon, above, distinguished claims for child support from claims for personal injuries to minors and other claims and rights of minors.
Despite its refusal of writs in Simon, above, the Supreme Court subsequently took a contrary position in Miller v. Miller, 321 So.2d 318 (La.1975), which involved an action by the mother of an emancipated minor to reduce an unpaid child support claim to judgment. Miller, above, concluded that the emancipated minor alone could sue to recover unpaid alimony after attaining majority. In so holding the court found that the claim belonged to the minor and observed:
"It is appropriate to point out that one person may not acquire a `property right' over property or a right that belongs to another. In the instant case once the minor becomes a major he owns both the property and the right . . . to sue for his support."
We view Miller, above, as holding that, in whatever capacity a party having custody of a minor obtains a judgment for child support, the judgment is the property of the minor. This appears to be a sound and rational solution because it is elementary that the award is for the support and maintenance of the minor, not the party having custody. See La.C.C. 227.
*812 Although the question of Appellee's capacity to obtain the judgment of alimony for the child was a viable issue in the granting of the alimony award initially, we do not face the issue in this instance. In that action Appellant did not question Appellee's capacity and the judgment has become final. It stands until modified or annulled by a subsequent decree.
The judgment for support is the property of the minor. Miller, above. Considering the judgment is the property of a legitimate minor, the father of the minor, married to and living with the minor's mother, is the proper party to enforce the minor's rights under the judgment of support. La. C.C.P. Article 683. It follows that Appellee lacks procedural capacity in this instance and that Appellant's exception of lack of procedural capacity is well founded. In the interest of justice, however, according to La.C.C.P. Article 2164, we exercise our supervisory jurisdiction and remand this matter to allow time for amendment of the pleadings to substitute the proper plaintiff as party herein. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971); Nettles v. Great American Insurance Company, 155 So.2d 87 (La.App. 1st Cir. 1963), writ refused, 244 La. 1024, 156 So.2d 227 (1963). La. C.C.P. 805.
It is ordered, adjudged and decreed that the judgment of the trial court in favor of Appellee is hereby reversed and set aside and this matter remanded to the trial court. A period of 15 days from finality of this judgment is hereby granted to substitute the proper party plaintiff herein, in accordance with the views herein expressed. Costs in this court are assessed against Appellee. The assessment of other costs shall await the ultimate outcome of this action.
Reversed and remanded.

ON REHEARING
We granted a rehearing herein on motion of Appellee, Linda Lynch Dolhonde, to determine the effect of Halcomb v. Halcomb, 352 So.2d 1013 (La.1977), on our decision rendered herein November 21, 1977, holding that Appellee lacked procedural capacity to sue for past due alimony owed for the support of Appellee's minor child whose custody had been awarded to Appellee. We were unaware of Halcomb at the time of our initial decision herein.
Halcomb unquestionably overrules Miller v. Miller, 321 So.2d 318 (La.1975), on which we relied herein to hold that a judgment of alimony for child support belongs to the child and not to the custodial parent. In Halcomb, the former wife and mother was granted judgment for past due child support that accrued subsequent to termination of the children's incapacity to sue. Halcomb states that:
"In the Miller case, the wife was seeking to have determined and declared executory the arrearage of an in globo award for alimony awarded to her and for support of three children. The trial court found that she had remarried and that one of the children had become fully emancipated by marriage. The trial court determined the arrearage and prorated the in globo award equally between the wife and children but disallowed claims for past due alimony by the wife subsequent to the date of her remarriage. On appeal to the First Circuit that part of the judgment disallowing any past due alimony to the wife after the date of her remarriage was affirmed, but the Court of Appeal reversed the judgment insofar as it terminated the award on a pro rata basis for past due support money to one of the children because he had attained the age of majority. . . . In deciding the case we held that when a minor becomes fully emancipated by age or by marriage, his mother may no longer sue to have determined and made executory past due awards of child support from the father for the support of the child."
"Insofar as that decision is in conflict with the pronouncements in this opinion, it cannot be approved. We agree that the wife may no longer institute original proceedings for the support of a child over whom she had custody after the child has reached majority. But this effect of a child's majority does not apply *813 to a motion by the mother to whom the award was made for the child's support to have a child support award in arrears determined and made executory. . . . the latter situation involves an effort by the party to whom the award is due (the wife, not the child) to have determined and declared executory unpaid sums due as child support in a judgment of court in her favor rendered during the child's minority." 352 So.2d 1013, 1016-17.
It would appear that the decision in Halcomb creates some inconsistency in the law inasmuch as La.C.C. Article 227 declares that the right to support belongs to the child and not to the custodial parent. While Halcomb may hold correctly that the parent in whose name the judgment was rendered should be accorded the right to enforcement, additional confusion appears from the holding in Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir. 1974), that a mother need not qualify as a natural tutrix to sue for support of a child in her custody. Regardless, as noted in our original decree, the question of Appellee's capacity to obtain the alimony judgment for the child is not before us at this time.
In accordance with Halcomb, we hold that Appellee does have legal capacity to sue for past due child support.
On the merits, Appellant maintains that he should not have to pay the amount in arrears because Appellee has elected the remedy provided by La.R.S. 9:422.1; that is, Appellee has invoked the adoption without consent provisions of the statute and may not, therefore, recover the past due alimony.
We do not view La.R.S. 9:422.1 as a "remedy". We deem it merely an adoption method authorized by the legislature under circumstances which the legislature deemed justification for the procedure therein set forth. Appellant was clearly liable for the child's support for the entire time preceding the child's adoption.
The previous judgment rendered herein is recalled and set aside and judgment rendered herein affirming the judgment of the trial court. All costs of these proceedings to be paid by Appellant, Kenneth C. Dolhonde.
AFFIRMED.