KNOLL, Judge.
The natural father of two minor children appeals the judgment of the trial court ordering him to pay the mother $15,555 for past due child support. The sole issue is whether the stepfather’s adoption of the children released the natural father from his legal liability for the children’s support from divorce to the children's adoption. We affirm.
In the judgment of divorce, the natural father was ordered to pay the mother $300 per month for support of their two minor children, the payments commencing February 1, 1978. In April 1984 the stepfather adopted the children. In May 1984, the mother filed this action for past due child support in the amount of $15,555, representing the natural father’s arrearages from February 1978 through March 1984. The natural father filed a peremptory exception of no cause of action and no right of action pursuant to LSA-C.C.P. Art. 927(4) and (5), which the trial court overruled. No other motions or exceptions were filed. At trial, both parties stipulated that the amount of arrearages was $15,555.
LSA-C.C. Art. 227 provides:

“Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. ”

LSA-C.C. Art. 214 provides:

“The adopted person is considered for all purposes as the legitimate child and forced heir of the adoptive parent or parents, including the right of the adopted person or his lawful descendants to inherit from the adoptive parent or parents or the relatives of the latter by blood or by adoption, and the right of the adoptive parent or parents or the relatives of the latter by blood or by adoption to inherit from the person adopted or his lawful descendants, in the same manner and to the same extent as if the person adopted were in fact the legitimate child of the adoptive parent or parents.

If the adoptive parent is married to a blood parent of the adopted person, the relationship of that blood parent and his blood relatives to the adopted person shall remain unaltered and unaffected by the adoption. Otherwise, upon adoption: the blood parent or parents and all other blood relatives of the adopted person, except as provided by R.S. 9:572(B), are relieved of all of their legal duties and divested of all of their legal rights with regard to the adopted person, including the right of inheritance from the adopted person and his lawful descendants; and the adopted person and his lawful descendants are relieved of all of their legal duties and divested of all of their legal rights with regard to the blood parent or parents and other blood relatives, except the right of inheritance from them. ”

The natural father contends that upon adoption by the stepfather, he was relieved of all of his legal duties and obligations concerning the adopted children, including past due child support. We disagree. A parent’s obligation of support under Article 227 continues until the parent is otherwise relieved of the obligation to support. In *993 the instant case, the natural father was not relieved of his obligation to support the children until they were adopted by the stepfather; therefore, except for prescription limitations, the natural father is clearly liable for the children’s support for the time preceding the adoption. In accord see Dolhonde v. Dolhonde, 357 So.2d 810 (La.App. 1st Cir.1977), on rehearing.
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to the appellant, Harry S. Dupree.
AFFIRMED.