749 So.2d 846 (1999)
Tana H. DEAN, Individually, and William and Stacy Hollenshead, as Joint Administrators of the Estates of the Minor Children, Emelie Lauren Hollenshead and Kathryn Elizabeth Hollenshead, Plaintiffs-Appellees,
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Plaintiffs-Appellees.
No. 32,816-CW.
Court of Appeal of Louisiana, Second Circuit.
December 8, 1999.
Writ Denied February 25, 2000.
*847 Jones, Odom, Spruiell, Davis & Politz by Frank H. Sprueill, Jr, Shreveport, Counsel for Defendant-Appellant.
Nelson, Hammons & Self by Sydney B. Nelson, Shreveport, Counsel for Plaintiffs-Appellees.
Before NORRIS, C.J., and WILLIAMS and KOSTELKA, JJ.
NORRIS, Chief Judge.
DOTD filed a writ contesting the trial court's denial of a peremptory exception of no right of action asserted against decedent's natural daughters. We recall the writ, affirm and remand.

Facts
Kenneth Dean and Stacy married and had two children, Emelie and Kathryn. Kenneth and Stacy divorced; Kenneth married Tana Dean and Stacy married William Hollenshead. On June 28, 1997, Kenneth was involved in a single vehicular accident; his vehicle fell into a creek and he drowned. Approximately six months after his death, in an attempt to help the *848 two girls cope with the death of their father and to create stability, William adopted Emelie and Kathryn. Shortly thereafter, Tana Dean and William and Stacy, as administrators of the girls' estates, filed wrongful death and survival actions against DOTD for the death of Kenneth. DOTD filed a peremptory exception of no right of action, asserting that pursuant to La. C.C. art. 214, the adoption of the children divested them of all legal rights in regard to their natural father, except for the right of inheritance. An evidentiary hearing was held, after which the trial court denied DOTD's exception. DOTD filed a writ contesting the trial court's ruling which this court granted for docket on June 24, 1999.

Law and Analysis
DOTD argues that once the girls were adopted, they were divested of any right to file wrongful death and survival actions for the death of their natural father. The Hollensheads counter argue that they are asserting a right which became a vested property right upon Kenneth's death. Both parties concede that if William had adopted the girls before Kenneth's death they would have no right of action. This is a matter of first impression.
The peremptory exception of no right of action raises the question of whether, as a matter of law, a particular plaintiff falls within the general class in whose exclusive favor the law extends a remedy. Massey v. Decca Drilling Co., Inc. 25,973 (La.2d Cir.12/7/94), 647 So.2d 1196, writs denied 95-0069, 95-0411 (La.4/21/95), 653 So.2d 563, 564; Anderson v. Collins, 26,142 (La.App.2d Cir.1/6/95), 648 So.2d 1371 writ denied 95-0629 (La.4/21/95), 653 So.2d 576. The surviving spouse and children of a decedent have the right to recover all damages for injury to a person who dies as a result of an offense or quasi offense and they may bring a separate, wrongful death claim to recover for damages they sustained as the result of that person's death. La. C.C. arts. 2315.1, 2315.2. However, upon adoption, "the adopted person and his lawful descendants are relieved of all their legal duties and divested of all of their legal rights with regard to the blood parent, ... except the right of inheritance from them." La. C.C. art. 214 C.
Once a cause of action accrues, it becomes a vested property right which cannot be constitutionally divested. Cole v. Celotex Corp., 599 So.2d 1058 (La.1992); Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381 (La.1978); Faucheaux v. Alton Ochsner Medical Foundation Hospital and Clinic, 470 So.2d 878 (La.1985). Statutes should not be applied in such a manner as to divest parties of a vested right. See Cole v. Celotex, supra. A cause of action accrues when a party has the right to sue. Prejean v. Dixie Lloyds Ins. Co., 94-2979 (La.9/15/95), 660 So.2d 836; See also Cole v. Celotex Corp, supra at 1063, n. 15.
Similarly, the right to child support arrears is a vested property right. Tutorship of Shea, 619 So.2d 1236 (La. App. 3d Cir.), writ denied 626 So.2d 1165 (1993); Petty v. Dupree, 484 So.2d 991 (La.App. 3d Cir.), writ denied 488 So.2d 1025 (1986); see also Dolhonde v. Dolhonde, 357 So.2d 810 (La.App. 1st Cir. 1977). A parent who no longer has rights to a child given up for adoption is still liable for past due child support. Id. This vested right allows a child to pursue a claim for past due child support against a presumed parent who has filed a disavowal action. Brannan v. Talbott, 31,632 (La. App.2d Cir.2/24/99), 728 So.2d 1023; writ denied 99-0881 (La.5/6/99), 741 So.2d 23.
We conclude that wrongful death and survival actions are property rights which once vested, cannot be divested by a subsequent adoption. Emelie's and Kathryn's right to sue for wrongful death and the survival action accrued and vested when Kenneth died. As such, Emelie and Kathryn have a vested right of action against DOTD for the death of their natural, *849 and at the time of his death legal, father. Article 214 C provides that legal rights and duties which normally flow from the parent/child relationship are not divested until the adoption. Article 214 C should not and need not be construed in a manner as to take from adopted children property rights that have vested prior to the adoption.
DOTD also argues that the trial court erred in allowing testimony admitted in the hearing on the exception given that the issue before the court raised a question of law and the motives and intents of the parties were irrelevant.
Evidence may be received under the exception of no right of action for the purpose of showing that the plaintiff does or does not fall within the general class having legal interest to sue upon the asserted cause of action. La. C.C.P. art. 931; Anderson v. Collins, supra. However, only relevant evidence is admissible. La. C.E. art. 402. An error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. La. C.E. art. 103 A; Morrison v. Kappa Alpha PSI Fraternity, 31,805 (La.App.2d Cir.5/7/99), 738 So.2d 1105; Williams v. East Baton Rough Parish School Bd., 97-2645 (La. App. 1st Cir.12/28/98), 723 So.2d 1093. In reviewing evidentiary decisions of the trial court, an appellate court must consider whether the particular ruling complained of was erroneous and if so, whether the error prejudiced the complainant's cause, for unless it does, reversal is not warranted. Id.
Whether Emelie and Kathryn lost their right of action upon their adoption by William is a legal question, therefore the intents and motives of the parties are irrelevant. However, the trial court's ruling was based not on the testimony received at the hearing but on the facts in the petition; particularly, that Kenneth died before his daughters were adopted. As such, even if permitting testimony at the hearing on the exception of no right of action was error, it was certainly harmless. Morrison v. Kappa Alpha PSI Fraternity, supra.

Conclusion
For the reasons expressed above, we recall our prior writ, affirm the judgment, and remand the case for further proceedings. Costs are not assessed. La. R.S. 15:4521.
WRIT RECALLED; JUDGMENT AFFIRMED AND CASE REMANDED.