778 So.2d 1181 (2001)
Jessica LACOMBE
v.
Yvonne BURAS, et al.
No. 00 1145.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
*1183 M. Charles Brandt Jr., Lafayette, LA, Counsel For Plaintiff/Appellant.
John William Penny Jr., Penny & Hardy, Lafayette, LA, Counsel For Defendants/Appellees U.S. Agencies Casualty Insurance Company (in cons. case), Yvonne Buras.
Court composed of Chief Judge DOUCET, Judge SULLIVAN, and Judge GREMILLION.
GREMILLION, Judge.
In this case, the plaintiff, Jessica Lacombe, contests the trial court's allocation of fault and the damage award. For the following reasons, we affirm.

FACTS AND PROCEDURAL BACKGROUND
This case involves an automobile accident at the intersection of Northern Avenue and North Parkerson Avenue in Crowley, Louisiana. The intersection was controlled by flashing lights. Lacombe was a passenger in a vehicle being driven by Sarah Meche in a northerly direction on North Parkerson Avenue. The defendant, Yvonne T. Buras, was operating her automobile in an easterly direction on Northern Avenue. Meche was faced with a flashing yellow caution light while Buras had the flashing red light. The evidence reflects that Buras stopped at the intersection and then crossed the southbound lane of North Parkerson, as well as the median, before turning left onto the inside traffic *1184 lane of North Parkerson. Meche's vehicle struck the Buras vehicle causing injuries to Lacombe. The evidence further reflects that neither Buras nor Meche saw the other vehicle as both entered the intersection. The trial court awarded Lacombe $930 in medical expenses and $4,000 in general damages. It apportioned fault at 80% to Buras and 20% to Meche. On appeal, Lacombe contests the trial court's apportionment of fault and the damage award alleging four assignments of error.

LAW
A court of appeal may not set aside a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
Id. at 844.
Though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id. Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Canter v. Koehring Co., 283 So.2d 716 (La.1973). "The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993).

DISCUSSION
Lacombe assigns as error the trial court's finding that Meche was 20% at fault, in awarding only $4,000 in general damages, in determining that she failed to mitigate her damages, and in refusing to allow her to introduce Buras' deposition. We have carefully reviewed the evidence in the record and find Lacombe's assignments of error to be without merit.

Fault Allocation
La.R.S. 32:234(A)(2) sets forth the duty of a driver approaching a yellow caution signal as follows: "When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution." Moreover, the driver having the yellow flashing signal has the right-of-way over the driver having the red flashing signal and can assume the latter will honor her superior position until she sees or should have seen that the other driver will not do so. Touchet v. Champagne, 488 So.2d 412 (La.App. 3 Cir.1986). Further, the driver faced with a yellow flashing signal must reduce her speed and maintain a proper lookout to determine whether the intersection can be negotiated safely. Id. Whether a party exercised the necessary requisite of caution, including maintaining a proper lookout and operating at a reasonable speed, is a factual question determined on a case-by-case basis. Id.
It is clear from the record that Meche did not keep a proper lookout as she entered the intersection. Meche testified that she did not, at any time, see the Buras vehicle as it encroached into her lane of travel because she was looking straight ahead and did not check for traffic entering the intersection. We find no manifest error in the trial court's attribution of 20% fault to Meche, as it is clear that she did not exercise the level of caution required since she testified that she never saw the Buras vehicle.

*1185 Damages
Further, we have carefully reviewed the evidence regarding the award of damages and are unable to find an abuse of discretion by the trial court. The trial court's findings are accorded great weight when reviewing a general damage award and should rarely be disturbed absent a showing of clear abuse of discretion. Andrus v. State Farm Mut. Auto. Ins. Co., 95-0801 (La. 3/22/96); 670 So.2d 1206. Thus, we must determine whether the trial court's award "is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances" before we may adjust the award. Id. at 1210.
The trial court noted that Lacombe complained of suffering with her knee over the course of ten months. However, we agree with the trial court that the pain was mild to moderate. We further note that she visited her doctors on five occasions intermittently throughout the ten-month period complaining that her knee "bothered" her. We also agree with the trial court's finding that Lacombe's repetitive use of the word "bother," as opposed to "hurt," was indicative of the less severe nature of the injury. Moreover, her entire medical bill was only $930. Lacombe stated that she never missed work due to the accident and that she remained employed at McDonald's, at a daycare center, as a babysitter, and as a cashier, although she could not dance as late into the evening as she used to. Further, there were no complaints of mental or emotional distress.
In formulating its damage award, the trial court also indicated that it felt Lacombe failed to mitigate her damages because she only sporadically completed the physical therapy that she herself stated relieved much of her discomfort. The trial court felt that Lacombe's duty to mitigate her damages included completing fifteen minutes of physical therapy exercises daily. We agree. Injured parties have a duty to mitigate their damages; however, they are only required to act reasonably in minimizing the consequences of their injury. Al's Trucking, Inc. v. State Farm Fire & Cas. Co., 98-1542 (La.App.3 Cir.5/12/99); 735 So.2d 833, writ denied, 99-1681 (La.9/24/99); 747 So.2d 1122. We find no manifest error in the trial court's finding that fifteen minutes of light exercises is not unreasonable. Therefore, the trial court's finding that Lacombe failed to mitigate her damages was not erroneous.

Deposition
Finally, Lacombe alleges the trial court erred in refusing to allow Buras' deposition to be admitted into evidence. Louisiana Code of Civil Procedure article 1450 states, in pertinent part:
A. At the trial ... any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
. . . .
(2) The deposition of a party ... may be used by an adverse party for any purpose.
However, this rule is subject to the discretion of the trial court to refuse the introduction when it would serve no purpose other than to clutter the record and repeat the testimony of the witness. Harrison v. State, Dept. of Highways, 375 So.2d 169 (La.App. 2 Cir.1979). Thus, when a witness is available to testify and be crossexamined, the trial court may refuse to admit into evidence the deposition of an adverse party when its admission would serve no useful purpose. Id.
In the case at hand, Lacombe's counsel asked Buras whether she recalled *1186 telling Lacombe at the scene, "It's my fault." Buras replied by saying "No sir." Buras was then asked if she recalled stating in her deposition "I told her that it was my fault, you know, but she was okay." Buras then testified that she remembered saying that in the deposition, but did not remember telling that to Lacombe. Buras also admitted at the trial that the accident was her fault and that she admitted that both at the scene of the accident and in her deposition. Lacombe, thereafter, attempted to introduce Buras' entire deposition for the proposition that she contradicted her deposition testimony by stating at trial that she did not remember admitting fault during the deposition. We agree with the trial court that, "[i]f she admitted her fault today in court, who cares what she said at the scene of the accident," or in her deposition, for that matter. The introduction of the entire deposition to show a mere contradiction between deposition and live testimony which was essentially admitted by the witness leads to no useful purpose and is properly within the discretion of the trial court to reject. Therefore, we find this assignment of error lacks merit.

CONCLUSION
Considering all the evidence, we find no manifest error in the trial court's ruling apportioning fault at 20% to Meche and 80% to Buras. Moreover, we can find no abuse of discretion in the trial court's general damage award of $4,000 because of the non-severe nature of the injury and Lacombe's failure to mitigate her damages. Finally, it was not erroneous for the trial court to refuse to admit Buras' deposition into evidence. Thus, the judgment of the trial court is affirmed and costs are to be paid by the plaintiff-appellant, Jessica Lacombe.
AFFIRMED.