794 So.2d 927 (2001)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al, Plaintiff-Appellee,
v.
Velma G. LITTLE, Defendant-Appellant.
No. 34,760-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2001.
Rehearing Denied August 16, 2001.
*928 Charles B. Bice, Winnfield, Counsel for Appellant.
Theus, Grisham, Davis & Leigh, by Thomas G. Zentner, Jr., Monroe, Counsel for Appellee.
Before NORRIS, BROWN and DREW, JJ.
NORRIS, Chief Judge.
Velma Little appeals the trial court's finding that she was solely at fault in an automobile accident with Kelly Perry. She also challenges the quantum. We amend and as amended, affirm.

Facts
On November 15, 1996, Little's Ford Taurus and Kelly's Dodge Dakota truck were involved in an accident at the intersection *929 of North Jones and Main Streets in Winnfield. Kelly's insurer, State Farm, and Milam Perry, Kelly's father, filed suit against Little alleging that she entered the intersection against a red traffic signal. Little filed a reconventional demand, alleging that Kelly ran the red light and therefore was solely at fault.
A bench trial was held on April 11, 2000, at which time the parties stipulated that State Farm and the Perrys' damages were $4,596.43, including the Perrys' $500.00 deductible.
According to testimony, Little stopped on Main Street behind another car. Patricia Bonnette and her sister, Charlotte Hennigan, testified that they were directly behind Little, passed Little and the car in front of her on the right and turned right on red. They both heard, but did not see, the car accident after they had turned onto North Jones Street. Little testified that the car directly in front of her also turned right on red. She stated that she pulled up to the light and when it turned green, went through the intersection and was hit by Kelly.
Debra Cummings was at the red light across from Little, preparing to turn left. She testified that the light was red when she looked down at her bank deposit, she heard a crash and looked up. She stated that after the collision, she never looked up at the light again. Debra's daughter Kate was in the back seat of her mother's car when the accident occurred. She testified that the light was red up to the time of the accident. Kate, who was 10 years old at the time of the accident, acknowledged that in her deposition she stated that she believed the light was red at the time of the accident because her mother's car was not moving.
John Roberts of the Winnfield City Police Department investigated the incident. He testified that he talked to Debbie and Kate at the time of the accident and they both told him the light was red immediately before the accident. He later contacted Bonnette and Hennigan, who told him they had turned right on red and were unsure if the light had turned green before Little went through. Roberts testified that there was no definite conclusion about who had the red light, but based on his investigation he determined the accident was Little's fault.
Kelly testified that he was traveling down North Jones heading home after school. He stated that he was going 20-25 miles per hourhe was only in 3rd gear when he proceeded through the intersection and was hit by Little. Kelly testified he had a green light as he proceeded through the intersection.
Ray Herd, an expert in accident reconstruction retained by Little, testified that Little traveled 50 feet into the intersection before she was hit. He further testified that, from the time Little started through the intersection, Kelly traveled 162 feet before he hit her. Herd concluded that Kelly should have been able to avoid the accident. Alfred Gonzales, an expert in accident reconstruction retained by State Farm and the Perrys, testified that a building was blocking Kelly's view, so if Little was the second car at the light he would have been unable to see her until he got 175 feet from the intersection.
The trial judge issued reasons for judgment, making numerous findings of fact. The judge ultimately found that Little was at fault for the accident; he concluded that the most logical and plausible explanation for the cause of the accident was Little's mistaken belief that she had a green light when the car in front of her turned right. The judge found that Kelly had the green light and did not have adequate time to avoid the accident. The judge then awarded *930 State Farm $4,596.43 and the Perrys $500 in damages.
Little appeals the judge's ruling, arguing that he made several erroneous findings of fact, erred in admitting hearsay evidence, erred in finding her totally at fault, and erred in awarding State Farm $4,596.43 and the Perrys $500.00 damages, contrary to their stipulation.

Law and Analysis
Little argues that the trial court erred in several of its findings of fact, particularly that she, and not Kelly, had the red light; in considering hearsay evidence; and, in the alternative, in failing to apportion a percentage of fault to Kelly.
A trial court's factual findings are accorded great weight and may not be disturbed by a reviewing court in the absence of manifest error. In re A.J.F., 00-0948 (La.6/30/00), 764 So.2d 47; Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there is a conflict in the testimony, reasonable evaluations of credibility should not be disturbed on appeal. Id. Where there are two permissible views of the evidence, the factfinder's choice cannot be manifestly erroneous or clearly wrong. Stobart v. State, 617 So.2d 880 (La.1993).
Where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731; Masters v. Masters, 33,438 (La.App.2d Cir.4/5/00), 756 So.2d 1196; Lasha v. Olin Corp., 625 So.2d 1002 (La.1993). After our review of the evidence, we find that the trial judge erred in some factual findings; however, we also find that the error was not significant in the determination of who had the red light and was at fault. Thus, we address the issues under the manifest error standard.
The trier of fact apportions fault after considering both the nature of each party's conduct and the correlation between that conduct and the damages claimed. Watson v. State Farm, 469 So.2d 967 (La.1985); Dickens v. Commercial Union Ins., 99,0698 (La.App. 1st Cir.6/23/00), 762 So.2d 1193. The allocation of a particular percentage of fault to a party is a finding of fact. Dickens v. Commercial Union Ins., supra.
Hearsay evidence is not admissible. La. C.E. art. 802. An error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. La. C.E. art. 103 A; Morrison v. Kappa Alpha PSI Fraternity, 31805 (La.App.2d Cir.5/7/99), 738 So.2d 1105, writs denied, 99-1668, 99-1607, 99-1622 (La.9/24/99), 747 So.2d 1120, 749 So.2d 634, 749 So.2d 635; Dean v. State, 32,816 (La.App.2d Cir.12/8/99), 749 So.2d 846, writ denied, 00-0079 (La.2/25/00), 755 So.2d 887. In reviewing evidentiary decisions of the trial court, an appellate court must consider whether the particular ruling complained of was erroneous and if so, whether the error prejudiced the complainant's cause, for unless it does, reversal is not warranted. Id.
Little alleges the trial court erred in considering statements made by Debra and Kate which were contained in Officer Roberts' report. Additionally, Little argues that the judge erred in considering Roberts conclusion because it was based on hearsay. Although Roberts' testimony as to Debra and Kate's statements to him were inadmissible hearsay, Little had the opportunity to cross-examine both Debra and Kate at trial about the car accident. The trial judge heard first-hand Debra and Kate's account of the accident and who had the red light; the trial testimony was sufficient *931 to support the finding that Little ran the red light. Additionally, while the judge did state in his findings of facts that Roberts' detailed report provided "the best evidence of what happened," the non-hearsay testimonial evidence supports the judge's finding that Little ran a red light. In sum, any error committed by accepting hearsay evidence in the police report was harmless error. The witnesses referred to in Roberts' report testified at trial and were subject to cross examination. Notably, appeal lies from the judgment, not the reasons therefor. Gladney v. Sneed, 32,107 (La.App.2d Cir.8/18/99), 742 So.2d 642, writ denied, 99-2930, (La.1/14/00), 753 So.2d 215. The assignments of error relating to hearsay evidence do not warrant reversal.
Little specifically challenges several statements in the reasons for judgment, including: "As [Bonnette] began to turn right onto Jones Street, she heard the crash"; "As her sister turned right to go to the bank, [Hennigan] heard a crash"; "In her deposition, Little stated that she came to the light and then went through it after the vehicle in front of her turned right"; "[Herd] estimated that the Little vehicle traveled fifty feet after the impact" and "The Perry vehicle stopped after 47 feet"; and Mrs. Hennigan testified that "the vehicle in front of Mrs. Little turned right onto North Jones Street." Little also argues that the trial court's ultimate conclusion that she had the red light and was thus solely at fault for the accident was erroneous.
Bonnette and Hennigan testified that after Bonnette turned right, they heard but did not see the crash. Although the judge did not use the exact words as these witnesses, his account of their testimony is supported by the record. Little's suggestion that the judge misunderstood the women's assessment of the time frame is misplaced by his later finding that the car directly in front of Little turned right after the sisters. The assignments of error related to Bonnette and Hennigan's testimony as to the crash are without merit.
The record also supports the finding that Little stated that she went through the light after the car in front of her turned right. Little did testify that the car in front of her turned right, she moved up, hesitated, the light turn green and she went. The trial judge stated in his findings that Little approached the light and went through it after the vehicle in front of her turned right. Again, although he did not quote her words exactly, the record clearly supports that the car in front of Little turned right and after that she went through the intersection. This assignment of error lacks merit.
The trial judge found that Herd testified that the Little vehicle traveled 50 feet after the impact and Kelly stopped 47 feet after he hit. However, Herd actually testified that Little traveled 50 feet into the intersection before she was hit by Kelly and that Kelly should have taken 47 feet to stop his vehicle in an attempt to avoid the accident. Although the trial judge misstated these findings of fact, Herd's testimony addressed the issue of preemption of the intersection and not the issue of who had the red light; Herd specifically stated that his opinion would not change if he knew who had run the red light. Since the trial judge's determination of fault was based on who ran the red light, not on the issue of preemption which will be addressed later in this opinion, the judge's misstatement of Herd's testimony is immaterial. As such, Little's assignments of error as to Herd's testimony are meritless.
The trial judge also incorrectly stated that Hennigan testified that the car directly in front of Little turned right on red. This was not Hennigan's testimony, but *932 Little's. Consequently, the judge's misstatement is immaterial and this assignment of error lacks merit.
Based on the entirety of the record, the trial court was not manifestly erroneous in finding that Little had the red light and therefore illegally entered the intersection. La. R.S. 32:232. Additionally, the trial court was not manifestly erroneous in finding that Kelly could not stop in time to prevent the accident. Subsequently, the trial court did not err in assessing 100% fault to Little and thereby denying damages to her and her husband and awarding damages to State Farm and the Perrys.
In the alternative, Little alleges that she preempted the intersection. In order to preempt an intersection, the motorist must show that she made a lawful entry, at a proper speed, after ascertaining that oncoming traffic was sufficiently removed to permit a safe passage and under the bona fide belief and expectation that she can negotiate a crossing with safety. Coleman v. Rabon, 561 So.2d 897 (La.App. 2d Cir.), writ denied, 567 So.2d 617 (1990); Madison v. Thurman, 32-401 (La.App.2d Cir.10/27/99), 743 So.2d 857; Price v. City of Slidell, 97-2066 (La.App. 1st Cir.9/25/98), 723 So.2d 455. Since Little ran the red light, and therefore had not made a lawful entry into the intersection, she could not have preempted the intersection. This argument lacks merit.

Quantum
Little argues that the trial court erred in awarding State Farm damages in the amount of $4,596.43 and the Perrys damages in the amount of $500, when the stipulated damages were $4,596.43, which included the Perrys' $500 deductible. A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. La. C.C. art. 1853; State v. Clark, 548 So.2d 365(La.App. 2d Cir.), writ denied, 552 So.2d 395 (1989); Stonecipher v. Mitchell, 26,575 (La.App.2d Cir.5/10/95), 655 So.2d 1381; Benware v. Means, 98-0203 (La.App. 1st Cir.5/12/00), 760 So.2d 641, writ denied, 00-2215 (La.10/27/00), 772 So.2d 650. Consequently, we amend the quantum and award State Farm damages in the amount of $4,096.43 and award the Perrys damages in the amount of $500.00.

Conclusion
We amend the trial court's ruling and award State Farm damages in the amount of $4,096.43 and the Perrys damages in the amount of $500, per the parties' stipulation. In all other respects, we affirm the trial court's judgment. Appellate costs assessed to Little.
AMENDED AND AS AMENDED, AFFIRMED.

APPLICATION FOR REHEARING
Before NORRIS, C.J., BROWN, CARAWAY, PEATROSS, and DREW, JJ.
Rehearing denied.