NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-458

SUCCESSION OF

FANNIE MAE GIBSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 43,037 C/W 43,040
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

D. KENT SAVOIE
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
D. Kent Savoie, Judges.

AFFIRMED.

**F. A. Little, Jr.**
**Gregory B. Upton**
**Stephen A. LaFleur**
**Gold, Weems, Bruser, Sues & Rundell**
**2001 MacArthur Drive**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Bridggie Gibson Mays**

**Penny H. Tullos**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **John Gibson, Jr.**

**SAVOIE, Judge.**

Briddgie Gibson Mays appeals the trial court's ruling removing her as the executrix of her deceased aunt's Estate and ordering her to deposit the remaining Estate assets into the Estate's checking account. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. Fannie Mae Gibson died on July 28, 2016. According to the parties herein, Ms. Gibson's niece, Ms. Mays, probated Ms. Gibson's purported will dated March 20, 2015, which named Ms. Mays as the sole legatee. Ms. Mays was appointed independent executrix of Ms. Gibson's Estate and placed into possession of certain immovable property and its contents.[1] Also according to the parties, one of Ms. Gibson's siblings, John Gibson, Jr., subsequently instituted another proceeding seeking to invalidate the March 20, 2015 will, based upon Ms. Gibson's alleged lack of testamentary capacity, and also seeking to probate a will dated March 23, 2004, which named Mr. Gibson as a legatee.[2] The trial court consolidated the two proceedings.

On May 5, 2015, Mr. Gibson filed a motion in the consolidated proceedings seeking to remove Ms. Mays as the executor of Ms. Gibson's Estate and to require Ms. Mays to deposit contested Estate assets into the registry of the court.[3] Mr.

---

[1] Neither these proceedings, nor the March 20, 2015 will are in the record before us per the Appellant's request under Uniform Rules—Courts of Appeal, Rule 2-1.17 seeking to designate only certain portions of the trial court record as the record on appeal.

[2] Neither these pleadings, nor the March 23, 2004 will are in the record before us on appeal.

[3] Louisiana Code of Civil Procedure article 3182 states that a court may remove "any succession representative who . . . has mismanaged the estate, [or] has failed to perform any duty imposed by law or by order of court." It further states that "[t]he court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office." *Id.*

Gibson alleges that a court-ordered Amended Detailed Descriptive list filed by Ms. Mays omits the fact that she had withdrawn a total of $284,000 from Ms. Gibson's accounts during the two months preceding her death and that all but one of the withdrawals occurred while Ms. Gibson was hospitalized with dementia and/or psychosis. Also according to Mr. Gibson, Ms. Mays has failed to provide satisfactory explanations regarding the pre-death withdrawals and has been uncooperative and dishonest in providing information concerning the use and/or location of those funds.

In connection with his motion, Mr. Gibson further alleges that the Amended Detailed Descriptive List reflects that $9,345.32 was withdrawn from two of Ms. Gibson's accounts after her death and deposited into an Estate account, leaving the balances of Ms. Gibson's accounts at zero. However, according to Mr. Gibson, bank statements reflect that Ms. Mays had withdrawn $13,438.86 from Ms. Gibson's accounts. In addition, Mr. Gibson asserts that, while the Amended Detailed Descriptive List lists a $7,043.64 debt to a furniture store, the furniture was purchased and financed after Ms. Gibson's death. Therefore, according to Mr. Gibson, there is an $11,000 discrepancy in connection with the Amended Detailed Descriptive List.

In opposition, Ms. Mays argued to the trial court that most of the transactions Mr. Gibson complains of occurred prior to Ms. Gibson's death pursuant to a valid power of attorney[4] and/or were *inter vivos* donations made to Ms. Mays and, therefore, are unrelated to her Estate or to the management of the Estate. She further argued that the two post-death withdrawals totaling $13,438.86 were drawn on joint

---

[4] The power of attorney is not in the record before us on appeal.

accounts held in the names of both Ms. Gibson and Ms. Mays and that she legally withdrew the funds as both a signatory on the accounts and the Executrix of the Estate. Ms. Mays also suggested to the trial court that the subject furniture was chosen by Ms. Gibson prior to her death and purchased in fulfillment of her wishes to furnish her home.

The minutes in the record, together with information the parties have provided in their briefs to this court, suggest that Mr. Gibson originally obtained a judgment granting his motion to remove Ms. Mays as the Executrix, but that a motion for new trial was granted because the evidence upon which Mr. Gibson relied in support of his motion was attached to his pleadings, but not introduced or otherwise admitted into evidence by the trial court.[5] On November 17, 2017, the trial court signed a judgment granting Ms. Mays's motion for new trial "in part, limited . . . to the issue of whether [Ms. Mays] should be removed as Executrix" of Ms. Gibson's estate.

A new trial was thereafter held on February 5, 2018. Mr. Gibson, via counsel, introduced and offered the following into evidence: Ms. Mays's Amended Detailed Descriptive List; copies of various checks and other bank records pertaining to transactions by Ms. Mays in connection with Ms. Gibson's accounts; a copy of a receipt from Ashley Furniture Store; the transcript from Ms. Mays's deposition; Ms. Mays's Answer to Second Set of Interrogatories and Requests for Production; and excerpts of Ms. Gibson's certified medical records from Rapides Parish Medical Center and Oceans Healthcare. Mr. Gibson did not call any witnesses.

Ms. Mays, via counsel, objected to her deposition "being offered into the record at this point[, because] [t]hat's hearsay." Ms. Mays further objected to Ms.

_____

[5] The relevant pleadings are not in the record before us on appeal.

Gibson's certified medical records for lack of authenticity and "without some foundation as to what they mean or connection to any of this." Ms. Mays also argued that the medical records were irrelevant "to the question of whether or not [Ms. Gibson] understood, generally, the nature of the dispositions at the time she made donations [to Ms. Mays]." The trial court overruled the objections and admitted all evidence offered by Mr. Gibson.

At the close of the presentation of Mr. Gibson's case, Ms. Mays moved for involuntary dismissal pursuant to La.Code Civ.P. 1672(B). She argued that there was a "lack of evidence sufficient to show Ms. Mays failed to do anything that she was required by law to do" and that the pre-death donations and other transactions are irrelevant to the management of Ms. Gibson's Estate because they are no longer a part of the Estate. Ms. Mays, through counsel, also asserted hearsay, relevancy, foundation, and authenticity objections to Ms. Mays's deposition, as well as to bank account information showing discrepancies in the Amended Detailed Descriptive List and evidence showing that the furniture store debt listed on the Amended Detailed Descriptive list was incurred after Ms. Gibson's death, all of which had already been admitted by the trial court. The trial court denied the motion for directed verdict.

Thereafter, Ms. Mays, via counsel, proceeded to elicit testimony from several witnesses, including Shamicka Osteen and Belah Green, who were Ms. Gibson's caregivers; Mary Jane Gibson, who is Ms. Gibson's niece and Ms. Mays's sister; and Ms. Mays. Ms. Mays, via counsel, also proffered additional testimony from Ms. Osteen and Ms. Mays. Ms. Mays, via counsel, also submitted an oral motion to strike Ms. Gibson's previously admitted medical records, which was denied by the trial court. In addition, the following evidence was offered by Ms. Mays and

admitted by the trial court: various receipts for legal expenses, various receipts for funeral expenses, and other documentation reflecting various account transactions at issue.

At the conclusion of trial, the trial court rendered a judgment granting Mr. Gibson's motion to remove Ms. Mays as the Executrix of Ms. Gibson's Estate and ordering Ms. Mays to deposit $57,305.90 of the remaining Estate assets into the Estate's account. The trial court's judgment was designated as a final judgment, from which Ms. Mays now appeals.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Mays asserts: "The Trial Court Erred in denying defendant/appellant's motion for directed verdict/involuntary dismissal at close of plaintiff/appellee's case in chief pursuant to [La.Code. Civ.P. art.]1672."

Ms. Mays further argues that the trial court erred in admitting into evidence the following: copies of checks and bank statements (Petitioners' exhibits B, C, and D); an unauthenticated receipt for the purchase of furniture (Petitioner's exhibit E); excerpts from Ms. Mays's deposition (Petitioner's exhibit F); and excerpts from Ms. Gibson's certified medical records (Petitioner's exhibit H).

## ANALYSIS

Motion for Involuntary Dismissal:

Louisiana Code of Civil Procedure Article 1672(B) states as follows:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

5

As this court recognized in *Hudson v. AIG National Insurance Company*, 10-63, p. 4 (La.App. 3 Cir. 6/2/10), 40 So.3d 484, 488-89, with respect to review of a trial court's denial of a motion for involuntary dismissal:

> Our review of the explicit language of [the] applicable article is that the trial court "may decline to render any judgment until the close of all the evidence." La.Code Civ.P. art. 1672(B). Thus, there is nothing for this court to review, as the denial of a motion for involuntary dismissal is purely discretionary.

Accordingly, we find no merit in Ms. Mays's assignment of error with respect to the denial of her motion for involuntary dismissal.

Admission of Evidence:

"The trial court is accorded vast discretion concerning the admission of evidence, and its decision will not be reversed on appeal absent an abuse of that discretion." *McIntosh v. McElveen*, 04-1014, pp. 9-10 (La.App. 3 Cir. 2/2/05), 893 So.2d 986, 994, *writ denied*, 05-528 (La. 4/29/05), 901 So.2d 1069. "In reviewing evidentiary decisions of the trial court, an appellate court must consider whether the particular ruling complained of was erroneous and if so, whether the error prejudiced the complainant's cause, for unless it does, reversal is not warranted." *Greene v. Taylor,* 01-1137, p. 4 (La.App. 3 Cir. 2/27/02), 809 So.2d 1187, 1191 (quoting *State Farm Mut. Auto. Ins. Co. v. Little*, 34-760, p. 5 (La.App. 2 Cir. 6/20/01), 794 So.2d 927, 930, *writ denied*, 02-975 (La. 4/26/02), 814 So.2d 567.)

On appeal, Ms. Mays argues that the trial court erred in admitting excerpts of her deposition into evidence. She argues that the "former testimony" exception to the hearsay rule provided in La.Code Evid. art. 804(B)(1) and the "statement against interest" exception to the hearsay rule provided in La.Code Evid. art. 804(B)(3) are not applicable in the instant case because the declarant, Ms. Mays, was available to

testify. However, La.Code Civ.P. art. 1450, entitled "Use of depositions," states in pertinent part as follows:

> A. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> . . . .
>
> (2) **The deposition of a party . . . may be used by an adverse party for any purpose**.

(emphasis added).

"[T]his rule is subject to the discretion of the trial court to *refuse* the introduction when it would serve no purpose other than to clutter the record and repeat the testimony of the witness." *Lacombe v. Buras*, 00-1145, p. 5 (La.App. 3 Cir. 1/31/01), 778 So.2d 1181, 1185 (emphasis added). However, there is nothing that precludes the trial court from admitting a party's deposition into the record when the witness is available. Therefore, we find no abuse in discretion on the part of the trial court in admitting portions of Ms. Mays's deposition into evidence. *See Orea v. Scallan*, 36,622 (La.App. 2 Cir. 1/26/00), 750 So.2d 483.

Ms. Mays also argues that Ms. Gibson's medical records, even though they were certified, were improperly admitted into evidence without testimony from an expert witness to interpret the records. We find no merit in this argument. Louisiana Revised Statutes 13:3714 (A) clearly states:

> Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, or a copy of a bill for services rendered, medical narrative, chart, or record of any other state health care provider, as defined by R.S. 40:1299.39(A)(1) and any other health care provider as defined in R.S. 40:1299.41(A), certified or attested to by the state health

7

> care provider or the private health care provider, is offered in evidence in any court of competent jurisdiction, **it shall be received in evidence by such court as prima facie proof of its contents,** provided that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, medical narrative, chart, or record as witnesses under cross-examination.

(emphasis added).

Louisiana Revised Statutes 13:3714 (A) provides an exception to the hearsay rule, and "[i]ts purpose is to 'save a litigant the difficulty and expense of producing as a witness each person who assisted in the treatment of the patient.'" *Vaughn v. Progressive Sec. Ins. Co.*, 03-1105, p. 5 (La.App. 3 Cir. 3/2/05), 896 So.2d 1207 (internal citation omitted). While La.R.S. 13:3714(A) provides a party against whom the medical records are being used with an opportunity to call and/or cross-examine those who made the record, it does not require that the party submitting the medical records into evidence must call any witnesses to provide supporting testimony.

In support of her argument, Ms. Mays cites to *Brown v. Collins*, 223 So.2d 453 (La.App. 3 Cir. 1969). At issue in *Brown*, however, was whether the defendant-driver involved in an auto accident was intoxicated at the time of the accident. The plaintiff objected to the admissibility of the defendant's medical records showing the defendant's blood-alcohol level was .255 mg because there was no expert opinion to show the effect of that much alcohol in the blood. However, *Brown* is inapplicable to the instant case as the medical records at issue here do not involve medical test results without interpretation, but rather provide Ms. Gibson's medical diagnoses by a medical provider.

Ms. Mays also argues that Ms. Gibson's medical records concerning her pre-death mental condition when Ms. Mays withdrew a significant amount of funds from

8

Ms. Gibson's accounts shortly before her death are irrelevant to the issue of whether Ms. Mays, as the Executrix, mismanaged Ms. Gibson's Estate.

However, "[a] succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law." La.Code Civ.P. art. 3191. "The court may remove any succession representative who . . . has mismanaged the estate, [or] has failed to perform any duty imposed by law or by order of the court." La.Code Civ.P. art. 3182. Ms. Gibson's pre-death mental condition at the time Ms. Mays withdrew a significant amount of Ms. Gibson's funds, which Ms. Mays claims was done pursuant to Ms. Gibson's donations to her, are relevant to the validity of those withdrawals, whether she breached her duties owed the Estate with respect to collecting, preserving, and managing estate assets, and whether she properly accounted for the Estate assets in connection with filing the court-ordered Amended Detailed Descriptive List. Therefore, we find that the trial court did not abuse its discretion in admitting Ms. Gibson's medical records into evidence.

On appeal, Ms. Mays also challenges the trial court's admission of Mr. Gibson's exhibits B, C, D, and E, which were copies of various checks and bank statements, as well as documentation regarding the incurred furniture debt. She argues that these documents were not properly authenticated, are inadmissible hearsay, and lacked a proper foundation. However, Ms. Mays testified at trial and during her deposition that the transactions shown in those documents took place and, further, introduced into evidence some of the same banking records. Therefore, we find that the trial court did not abuse its discretion in admitting these documents into evidence.

9

## CONCLUSION

For the reasons set forth above, we affirm the trial court's ruling. Costs of this appeal are assessed to Defendant-Appellant, Briddgie Mays Gibson.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.